IN AND FOR THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KAREN SMITH,   CASE NO. 4:22-cv-190

    Plaintiff(s),

vs.

JOHN ELLIS JR., TRUCKS FOR YOU INC.,
GEICO INDEMNITY COMPANY,

    Defendant(s).
_____/

## NOTICE OF REMOVAL

Defendant GEICO Indemnity Company, through its undersigned counsel and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, files this Notice of Removal of the underlying case from the Florida State Court to this Federal Court and as grounds states:

1. On April 18, 2022, GEICO received delivery, from the Florida Department of Financial Services as its agent for service of process, a Summons and Complaint filed in the Circuit Court for the Second Judicial Circuit in and for Gadsden County, Florida, Case No. 22000228CAA.  As required by 28 U.S.C. Section 1446(a), a copy of the Summons is attached hereto as

Exhibit A, a copy of the Complaint is attached hereto as Exhibit B, and a copy of the Notice of Service of Process is attached hereto as Exhibit C.[1]

2. Pursuant to 28 U.S.C. Section 1332(a)(1), federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 in value and is between citizens of different states.

3. The plaintiff is a citizen of Florida.

4. Defendant GEICO is not a citizen of the State of Florida as defined by 28 U.S.C. Section 1332(c)(1) because it is not incorporated in Florida nor is its principal place of business in Florida.

5. Defendant Trucks For You, Inc. is not a citizen of the State of Florida as defined by 28 U.S.C. Section 1332(c)(1) because it is not incorporated in Florida nor is its principal place of business in Florida.

6. Defendant John Ellis, Jr. is not a citizen of the State of Florida, but instead a citizen of Texas.

7. In the Complaint the plaintiff seeks recovery of damages allegedly stemming from injuries resulting from a motor vehicle accident. Although the Complaint does not expressly specify an amount of damages being sought, but instead simply alleges "damages in excess of $30,000" for

---

[1] Pursuant to N.D. Florida Loc. R. 7.2, copies of case documents filed with the State court will be filed with this Court under separate cover.

purposes of state court jurisdiction, this action is nonetheless properly removable.

8. In the Complaint, plaintiff seeks recovery of underinsured motorist insurance coverage under a policy issued by defendant GEICO. Plaintiff does not allege in the Complaint the amount of the insurance coverage defendant provides (and, otherwise, plaintiff fails to attach a copy of the policy as required by rule).

9. When a complaint fails to specify an amount of damages being sought, the burden is on the defendant to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967 (11th Cir. 2002); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1320 (11th Cir. 2001); *Golden v. Dodge-Markham Co.*, 1 F.Supp.2d 1360 (M.D. Fla. 1998). In this regard it is permissible for the defendant to present, as proof, other evidence which tends to show the requisite amount in controversy is present. *See Williams* and *Golden, supra*. *See also Pretka v. Kolter City Plaza II*, 608 F.3d 744 (11th Cir. 2010); *Reynolds v. Busch Entertainment Corp.*, 2003 WL 25569730 (M.D. Fla.).

10. The other evidence a defendant may present, as proof of the requisite amount in controversy, includes a settlement demand presented by the plaintiff, including a demand sent before or after the lawsuit was filed.

*Golden, supra; Reynolds v. Busch Entertainment Corp.*, 2003 WL 25569730 (M.D. Fla.). *See also Pretka v. Kolter City Plaza II*, 608 F.3d 744(11th Cir. 2010). The test is whether the settlement demand (including medical records and other documents submitted therewith) sets forth sufficient facts which demonstrate that the damages to be claimed in the lawsuit more likely than not exceed the amount necessary for removal jurisdiction. *See Golden Apple Mang. Co., Inc. v. Geac Computers, Inc.*, 990 F. Supp 1364 (M.D. Ala. 1998).

11. *Sub judice* plaintiff's Complaint seeks recovery of damages consisting of "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money". In support of the claim the plaintiff, before the lawsuit was filed, made a settlement demand upon the defendant in which plaintiff provided a summary of medical bills that she relates to the accident, totaling $299,221.41.  The settlement demand consisted of a letter from plaintiff's counsel, dated October 13, 2021, along with documentation in support of the claim including but not limited to medical records and bills for medical treatment.  A copy of attorney October 13, 2021's demand letter is attached hereto as Exhibit "D".

12. A demand letter alone does not conclusively establish the amount in controversy. However when a plaintiff fails to affirmatively state that she/he is not claiming damages in excess of $75,000, the Court should accept the amount demanded as reasonable evidence of the amount in controversy. While a defendant may contest the amount of damages, including to even contest that any damages at all are owing, it is the amount of damages the plaintiff is claiming which is controlling. It is the undersigned's understanding that there is in excess of $75,000 in available liability insurance coverage from the underlying Co-Defendants, which has also been demanded in full.

13. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that it is well-grounded in fact and warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purposes, such as to cause unnecessary delay or needless increase of the cost of litigation.

WHEREFORE, defendant prays that this Notice be accepted as good and sufficient for the removal of this cause to the United States District Court for the Northern District of Florida, Tallahassee Division.

HEATH & RASKY, P.A.

*[signature]*

Jessica M. Bowen, B.C.S.
FL BAR ID #: 50398
2868 Remington Green Circle S-A
Tallahassee, Florida 32308
T: 850-386-2500   F: 850-386-2430
service.jmb@heathrasky.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by electronic mail to Andrew J Sky, Esquire, Sky Law Firm, P.A. 3333 W. Commercial Blvd., Suite 105, Fort Lauderdale, FL 33309 (skylawservice@gmail.com); and Sage Morris-Webster, Webster law Group, 719 Peachtree Road, Suite 200, Orlando, FL 32804 at sage@websterlawgroup.com, on, May 13, 2022.

*[signature]*